UNITED STATES DISTRICT COURT
SOUHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marvil Harding, and<br>Alton Powis,<br><br>                                    Plaintiffs,<br><br>         -v-<br><br>NYC Crane Hoist & Rigging, LLC, and<br>Thomas Auringer,<br><br>                                    Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiffs Marvil Harding ("Harding") and Alton Powis ("Powis"), by Abdul Hassan Law Group, PLLC, their attorney, complaining of Defendants NYC Crane Hoist & Rigging, LLC and Thomas Auringer (collectively "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that they were employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), are: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiffs further complain that they were employed by Defendants and pursuant to the New York Labor Law ("NYLL") are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiffs are also entitled to unpaid wages and compensation for not receiving notices and

statements required by NYLL 195, under Article 6 of the New York Labor Law and are also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Marvil Harding ("Plaintiff" or "Harding") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Plaintiff Alton Powis ("Plaintiff" or "Powis") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant NYC Crane Hoist & Rigging, LLC  ("Defendant" or "NYC CHR") was a New York for-profit limited liability company with a place business located at 980 East 149th Street, Bronx, NY 10455 and performed work at several locations throughout New York City.

10. Upon information and belief and at all times relevant herein, Defendant NYC CHR was owned/controlled/managed by Defendant Thomas Auringer ("Auringer") who was in charge of the operations and management of NYC CHR.

11. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiffs and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiffs' employment, among other employment functions.

12. Upon information and belief, Defendants NYC CHR and Auringer shared a place of business in Bronx county, New York at 980 East 149th Street, Bronx, NY 10455, where Plaintiffs were employed.

13. At all times relevant herein, Plaintiffs were employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the crane and rigging business.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, operated several locations and employed approximately 100 or more employees at any given time.

16. Plaintiff Harding was employed by Defendants, individually and/or jointly, from in or around January 2018 to in or around Mid-March 2019.

17. Plaintiff Powis was employed by Defendants, individually and/or jointly, from in or around April 2018 to in or around May 2019.

18. At all times relevant herein, Plaintiffs were employed by Defendants as manual workers performing a variety of functions such as transporting cranes, etc.

19. At all times relevant herein, Plaintiff Harding was paid an approximate hourly rate of about $20-$50 an hour at various times during his employment – Defendants only paid Plaintiff Harding for some work hours each week and did not pay him for all hours and overtime

hours worked.

20. At all times relevant herein, Plaintiff Powis was paid an approximate hourly rate of about $20-$50 an hour at various times during his employment - Defendants only paid Plaintiff Jones for some work hours each week and did not pay him for all hours and overtime hours worked.

21. At all times relevant herein, and throughout the period Plaintiff Harding was employed by Defendant, Plaintiff Harding worked about 80-100 or more hours each week for Defendant, 6-7 days a week.

22. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff Powis was employed by Defendant, Plaintiff Powis worked about 80-100 or more hours each week for Defendant, 6-7 days a week.

23. A more precise statement of the hours and wages will be made when Plaintiffs Harding and Powis obtain the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

24. At all times relevant herein, Defendants failed to pay Plaintiffs at a rate of at least 1.5 times his regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during his employment with Defendants.

25. At all times relevant herein, Defendants did not provide Plaintiffs with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiffs with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiffs did not contain the hours worked by Plaintiffs nor accurate hourly rates, and did not state all wages earned by Plaintiffs, among other deficiencies.

27. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of trucking equipment and other supplies necessary for its business.

30. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiffs of their federal and state minimum wage and overtime rights and failed to inform Plaintiffs that they could seek enforcement of such rights through the government enforcement agencies.

36. The circumstances surrounding Plaintiffs' termination are under investigation and review and may be asserted at a later time or in a separate action.

37. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint, but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period preceding the filing of this complaint.

38. "Plaintiffs" as used in this complaint refers to the named Plaintiffs.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

40. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 U.S.C 201 et Seq.

42. Upon information and belief, and at all times relevant to this action, Plaintiffs were engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

43. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

44. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

45. Due to Defendant's FLSA violations, Plaintiffs were entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

46. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

48. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiffs overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

49. Due to Defendants' NYLL overtime violations, Plaintiffs are entitled to recover from Defendant, their unpaid overtime wage compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

50. Plaintiffs allege and incorporate each and every allegation contained in paragraphs 1 through 49 above with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiffs were employed by Defendants, individually

and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

52. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiffs their unpaid overtime wages, (FLSA and NYMWA), as required under NY Labor Law § 190 et seq.

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the notice(s) required by NYLL § 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

54. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the statement(s) required by NYLL § 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

## Relief Demanded

55. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiffs are entitled to recover from Defendants, individually and/or jointly, their entire unpaid wages, including their unpaid overtime wages, (FLSA and NYMWA), maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

56. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiffs' rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

57. As to the **First Cause of Action**, award Plaintiffs their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

58. As to the **Second Cause of Action**, award Plaintiffs their unpaid overtime wage compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

59. As to the **Third Cause of Action**, award Plaintiffs, their unpaid wages including their entire unpaid wages, including unpaid overtime wages, (FLSA and NYMWA), maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

60. Award Plaintiffs prejudgement interest on all monies due;

61. Award Plaintiffs any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

62. Award Plaintiffs such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **December 31, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC
 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFFS